IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:20-cv-00879 |
| ) | JUDGE RICHARDSON |
| $155,900.00 UNITED STATES ) | |
| CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND MEMORANDUM OPINION**

Pending before the Court is Plaintiff's Motion for Summary Judgment (Doc. No. 12, "Motion") against would-be claimant Delandzro Lewis, to which no response has been timely filed. If no response is timely filed, a motion shall be deemed to be unopposed. Local Rule 7.01 (a)(3). In addition, if a timely response to a moving party's statement of material facts is not filed, the asserted facts shall be deemed undisputed for purposes of summary judgment. Local Rule 56.01(f).

The Court may not grant Plaintiff's Motion solely because Lewis failed to respond, however. *Mullenix v. Eastman Chemical Co.*, 237 F. Supp. 3d 695, 710 (E.D. Tenn. 2017). The Court, at a minimum, is required to examine Plaintiff's Motion for Summary Judgment to ensure that it has discharged its initial burden. *Chrzan v. Mackay,* Case No. 1:19-cv-116, 2020 WL 7774741, at *2 (W.D. Mich. Nov. 30, 2020) (citing *Miller v. Shore Fin. Servs., Inc.,* 141 F. App'x 417, 419 (6th Cir. 2005)).

The Court has reviewed Plaintiff's Motion, accompanying memorandum (Doc. No. 13), Statement of Undisputed Facts (Doc. No. 14) and the file. The facts, which are deemed undisputed

for purposes of the Motion, demonstrate that Delandzro Lewis has not filed a verified claim in this action, despite being given additional time in which to do so. (Doc. No. 14 at ¶¶ 7-8; Doc. No. 11).

Rule G(5)(a) of the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Civil Forfeiture Actions ("Supp. R. G") requires that anyone "who asserts an interest in the defendant property [in a civil forfeiture action] may contest the forfeiture by filing a claim in the court where the action is pending." Supp. R. G(5)(a)(i). The claim must identify the specific property claimed, identify the claimant and state the claimant's interest in the property, be signed by the claimant under penalty of perjury, and be served on the government in the specified way. Supp. R. G(5)(a)(i)(A)–(D). The verified claim must also be timely filed. Supp. R. G(5)(a)(ii).

The Sixth Circuit "has repeatedly held that potential claimants must strictly comply with Supp. R. G in order to have statutory standing to challenge a forfeiture action." *United States v. One 2011 Porsche Panamera*, 684 F. App'x 501, 506 (6th Cir. 2017) (citing cases). Under Supp. R. G, before a would-be claimant can participate in a civil forfeiture action, he must first establish standing to challenge the lawfulness of the seizure of property by demonstrating an interest in the seized property sufficient to satisfy the Court of his standing as a claimant, which includes the filing of a verified claim. *United States v. $39,000.00 in U.S. Currency,* 951 F.3d 740, 742 (6th Cir. 2020). Timely filing of a claim would be within the time set forth in the notice of the action or the time set by the Court. Supp. R. G 5(a)(ii).

Here, the time set by the Court, December 30, 2020, has passed, and Lewis has not filed a verified claim. Accordingly, the Court finds that Lewis lacks standing to participate in this action. Plaintiff has carried its burden to demonstrate the absence of a disputed question of material fact and a ground that would entitle it to judgment as a matter of law as to Lewis. Therefore, Plaintiff's Motion for Summary Judgment (Doc. No. 12) is **GRANTED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

3